## RICHARD REALY *v.* COMMONWEALTH.

**Criminal Law.—Evidence—Larceny.**

> Where in an indictment a defendant is charged with stealing a horse in 1874 from a certain named person, it was competent for the commonwealth to prove that the theft took place in 1872.

### APPEAL FROM MARION CIRCUIT COURT.

October 6, 1876.

OPINION BY JUDGE COFER:

We do not perceive in this case any substantial error to the prejudice of the appellant. He had no right to complain of the introduction of evidence tending to prove him guilty of stealing Simpson's horse in 1872; for although it was alleged in the indictment in this case that the horse stealing therein charged was committed in 1874, it was competent to prove the stealing of a horse from Simpson at any time prior to the finding of the indictment.

There was no error in refusing to allow the appellant to prove the conversation had with Preitt, or that with the two men who are said to have brought the horse to his house. Neither of these conversations occurred at the time the horse is said to have been delivered to the appellant. One was more than a half hour afterwards, and the other after the horse had been delivered and the parties went into the house. Neither conversation related to or explained an act being done at the time the conversation was had, and therefore neither was admissible as a part of the res gestae.

We perceive no objection to the instructions given. The words, "feloniously stole, took, and carried away," were sufficiently specific, and must have been understood by the jury, and are not obnoxious to the objection that a question of law was submitted to the jury. Instructions 7 and 8 were properly refused. No. 7 was wrong because by it the court was asked to say that a conviction could not be had for the stealing of the horse mentioned in the indictment unless such stealing was on or about the date mentioned in the indictment. No. 8 was substantially given in the other instructions, especially in No. 4.

Judgment *affirmed*.

*C. S. Hill, J. W. Jones, for appellant.    Moss, for appellee.*